# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Bruce E. Zoeller | ) ASBCA No. 56578 |
| | ) |
| Under Contract No. DACA41-1-99-532 | ) |

APPEARANCE FOR THE APPELLANT:   Mr. Bruce E. Zoeller
   Hiawatha, KS

APPEARANCES FOR THE GOVERNMENT:   Thomas H. Gourlay, Jr., Esq.
   Engineer Chief Trial Attorney
   Alice J. Edwards, Esq.
   Engineer Trial Attorney
   U.S. Army Engineer District, Kansas City

## OPINION BY ADMINISTRATIVE JUDGE DELMAN

In *Bruce E. Zoeller*, ASBCA No. 56578, 13 BCA ¶ 35,353, *recon. denied*, 14-1 BCA ¶ 35,480 (*Zoeller*), we granted, in part, the government's motion for summary judgment and denied appellant's cross-motion for summary judgment. Based upon that decision, the only issue left for disposition is the compensation the government owes appellant for the value of the Illinois bundleflower (IBF) seed crop in the FW parcel for calendar year 2003. Familiarity with our decision is presumed.

The Board stated in the decision that it would grant the parties an opportunity to make evidentiary submissions directed to the two disputed data points in the quantum formula adopted by the parties. The parties have now made their submissions. We address quantum below.

## The Disputed Price of IBF Seed Per Pound

Appellant's claim asserts an average price per pound of IBF seed for 2003 of $6.24 (R4, tab 9 at 100). The government asserts an average price per pound of $5.16 (R4, tab 1 at 4). Both parties rely upon data included in a letter to appellant from the U.S. Department of Agriculture, Natural Resources Conservation Service, dated 5 May 2003 (R4, tab 7 at 52). It appears that this letter identifies IBF statewide average prices for fiscal years 2000-2003 that the government paid to Kansas landowners who complied with certain conservation practices under a federal conservation program.

The government relies upon the stated IBF price in this letter for fiscal year 2003 in the amount of $5.16 per pound of live seed. However, we believe that this figure is not a

fair and reasonable data point for calendar year 2003. First, the letter provides "fiscal year" data, not "calendar" year data with which we are concerned. Indeed, the letter is dated 5 May 2003, and perforce, can only reflect values through that date. Further, the letter states that "[t]he fiscal year average costs above are derived from actual costs from the preceding year" (*id.*) that is, the $5.16 figure relied upon by the government is based upon price data from fiscal year 2002, not calendar year 2003.

Appellant's claimed price of $6.24 relies upon an average of IBF prices from fiscal years 2000 through 2003. This claimed price is consistent with a sale of "Illinois bundleflower 'VNS Diversatech'" made by appellant to Dr. Patrick McInteer, Animal Health Center, on or about 1 April 2003, Invoice ID #239, at the price of $6.48 per pound (R4, tab 7 at 49).

We believe appellant's IBF average price per pound figure of $6.24 is fair and reasonable for calendar year 2003. We shall use this figure for purposes of calculating quantum.

The Disputed Cost of IBF Seed Per Pound

Appellant's claim asserts a cost of $0.50 per pound based upon a stipulation in ASBCA No. 54160, in which appeal the valuation of a nearby IBF seed crop was in issue during a similar time period (R4, tab 9 at 100). The government relies upon the figures appellant provided the contracting officer (CO) to support its claim in a letter dated 31 March 2008 (R4, tab 7). We agree with the government that it is fair and reasonable to use appellant's own data, but we believe that the government has misinterpreted the data. According to the CO's decision, appellant's anticipated gross cost per acre for 2003 was $161.70, predicated upon a 110% escalation of all of appellant's 2002 costs (R4, tab 1 at 6A). The Board's decision on the summary judgment motions suggested that the government's understanding was erroneous, *Zoeller*, 13 BCA ¶ 35,353 at 173,519 n.4, and the government's supplemental briefing now agrees (gov't supp. at 2). While the government now asserts a gross cost per acre of $155.40, or $.66 per pound (*id.*), it does not explain how it obtained this number.

We arrive at a different figure. Using the same data provided by appellant to support its claim (R4, tab 7), we calculate a gross cost per acre of $154.40 which rounds to a cost of $.65 per acre for 2003.[1] We shall use this figure for purposes of calculating quantum.

---

[1] We obtain the figure of $.65 per pound by escalating appellant's asserted 2002 administration costs of $74.00/acre by 110%, per appellant's figures, which comes to a cost of $81.40/acre. We then add to this figure appellant's asserted harvesting costs of $73.00/acre for a total of $154.40/acre. We then divide $154.40 by 237

## Risk Factor

Appellant's claim asserts "a multi-risk (i.e. environmental, market, etc.) factor of .375" (R4, tab 9 at 100) to reflect various uncertainties with respect to the potential 2003 crop. The government has accepted this risk factor. At the hearing in ASBCA Nos. 54160, 54205, appellant testified: "The lessee acknowledges that it is reasonable to include a risk factor in any equation involving the native seed business" (tr. 1/201).

However, appellant now contends that we should not apply any risk factor to price appellant's compensation for the value of the IBF seed crop in parcel FW for 2003 (app. supp. at 1). We perceive no reasonable basis to eliminate a risk factor. Absent the showing of any other risk factor, we believe the risk factor of .375 is reasonable, and we shall use it for purposes of calculating quantum.

## Quantum Calculation

Based upon the formula below adopted by the parties and the other data points heretofore agreed upon, we calculate appellant's compensation for the IBF seed crop for 2003 in the FW parcel as follows:

(1) IBF Seed Price per Pound ($6.24) less Cost per Pound ($0.65) = $5.59
(2) Multiplied by Average Seed Yield per Acre (632 Seed Pounds)
(3) Multiplied by Risk Factor (.375)
(4) Multiplied by Number of Acres (20)

Total Value of Compensation $26,496.60

### CONCLUSION

Appellant is entitled to compensation in the amount of $26,496.60, plus CDA interest from the date the CO received appellant's claim dated 29 February 2008, which, lacking any evidence of date of receipt, we find was received on 4 March 2008, less any amounts previously paid to appellant pursuant to the CO's decision dated 26 June 2008 (R4, tab 1).

---

(the product of the average seed yield per acre, 632, times the risk factor, .375) to obtain a cost figure rounded to $.65 per pound.

3

The appeal is sustained consistent with this opinion.

Dated: 11 June 2014

JACK DELMAN
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 56578, Appeal of Bruce E. Zoeller, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

4